**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PEM-AMERICA, INC.,** : | |
| : | |
| **Plaintiff,** : | **MEMORANDUM** |
| : | **OPINION & ORDER** |
| **- against -** : | |
| : | **03 Civ. 1377 (JFK) (RLE)** |
| **SUNHAM HOME FASHIONS, LLC,** : | |
| : | |
| **Defendant.** : | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.    INTRODUCTION

Before the Court is Plaintiff Pem-America's request for a copy of Defendant Sunham

Home Fashion's ("Sunham") Joint Prosecution and Defense Agreement ("Agreement") with

Nancy Lambert ("Lambert").  Sunham objects to the request, and asserts that the agreement is

subject to the attorney-client privilege and work product protection based on the common interest

theory.  For the following reasons, Pem-America's request is **GRANTED**.  Defendant shall

provide plaintiff with a copy of the Agreement immediately.

Pem-America asserts that 1) Sunham waived any privilege objections by failing to

provide a privilege log, failing to address the matter despite previous requests for the Agreement

and multiple court proceedings addressing the matter; 2) there is no common interest to be

privileged between Sunham and Lambert under the analysis used by the Court; and 3) the

common interest privilege is an extension of the attorney-client privilege, and if there is no

privilege, the common interest theory cannot apply.

Sunham contends that 1) failure to provide a privilege log is not a flagrant violation of

Federal Rules of Civil Procedure 45 (d)(2) and 26.2 (a)(2) and should therefore not warrant production of otherwise privileged material; 2) even though there was no privilege log, Sunham had asserted the privilege in earlier proceedings; and 3) the Agreement is protected by the common interest theory because the Agreement was made in confidence, Sunham and Lambert understood the Agreement to be in confidence, and Sunham and Lambert share a common interest.

## II.    BACKGROUND

Pem-America filed a copyright infringement action against Sunham on February 27, 2003, seeking injunctive relief and money damages.  Pem-America claims its copyright on the "Velvet Garden" quilt comforter design has been infringed upon by Sunham.  Sunham asserts, however, that Lambert, a former employee of Sunham, was the creator of "Velvet Garden," and that Pem-America holds no copyright to the design.

On May 19, 2007, Lambert filed a suit against Pem-America in the Northern District of Illinois, with the financial help of Sunham, seeking declaratory judgment that she is the creator of, and owns the copyright to, "Velvet Garden."  Pem-America wants Sunham to produce the Agreement between Sunham and Lambert but Sunham claims the agreement is protected by attorney-client privilege.

## III.    DISCUSSION

### A.    Waiver of Privilege

Pem-America asserts that even if the agreement were privileged, Sunham has waived the attorney-client privilege by failing to provide a privilege log.  Under Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2, "when a party withholds information otherwise discoverable under these

rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents [to enable] other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Information should be provided to parties in a privilege log. **Id**.

The issue in this case is whether the objections made in Sunham's response to Pem-America's document requests and tardy privilege log are adequate indicators of compliance with the federal and local rules. When Pem-America originally requested any written agreements between Sunham and Lambert, Sunham objected to the production based on the attorney-client privilege. *See* Def.'s Revised Resp. & Objections to Pl.'s 3rd Set of Interrogs. and 4th Set of Doc. Requests (Def.'s Resp.), Sep. 13, 2007. Following a conference with the Court on September 18, 2007, in which the matter of a the privilege log was raised by Pem-America, Sunham produced a privilege log that listed the Agreement on September 20, 2007.

While failure to properly identify privileged documents in a privilege log can lead to waiver of the privilege, usually the attorney-client privilege is only waived when the party either failed to give any clear indication that the documents were privileged, or provided an inadequate privilege log where documents were not properly specified. ***See* Large v. Our Lady of Mercy Medical Center**, 1998 WL 65995, *1-12 (S.D.N.Y. Feb. 17, 1998)**; Labatt Limited v. Molson Breweries**, 1995 WL 23603, *1 (S.D.N.Y. Jan. 20, 1995); ***See also* Ayers v. SGS Control Servs**., 2006 WL 618786 (S.D.N.Y. Apr. 3, 2006) (work product privileged waived for failure to supplement privilege log on an on-going basis). Although Sunham was tardy in producing the privilege log, he has consistently asserted the attorney-client privilege in regard to the Agreement and has now provided an adequate privilege log. ***See* Def.'s Resp.; Privilege Log. "Only

'flagrant' violations of these rules should result in a waiver of privilege." ***See* In re In- Store Advertising Securities Litigation**, 163 F.R.D. 452, 457 (S.D.N.Y.1995).  Sunham's tardiness in providing a privilege log is not a 'flagrant' violation especially considering there is not a discovery deadline set at this time.  Therefore, failure to provide a privilege log alone does not warrant a waiver of the attorney-client privilege.

**B.      The Attorney-Client Privilege & Common Interest**

The common interest rule is an extension of the attorney-client privilege and not an independent basis for privilege.  **United States v. Schwimmer**, 892 F.2d 237, 243 (2d Cir. 1989).  In order for a communication to be privileged within the common interest rule, it may be between multiple parties' lawyers who have a joint agreement but must still meet the requirements of a privileged attorney-client communication.  **Id**. at 243-244.  A communication is privileged when 1) the client seeks legal advice from an attorney, or where an attorney by revealing legal opinions could reveal the confidences of the client; 2) it is between privileged persons; 3) it is in confidence, and 4) it was  for the purpose of seeking or obtaining legal assistance.  **Id**.

_____In this case, the Agreement does not qualify as a privileged communication because it does not satisfy the first element of the attorney-client privilege doctrine.  Namely, the Agreement is not a communication wherein Sunham sought confidential legal advice from its attorney, nor does it reveal the confidences of the client.  ***See***, ***e.g.***,  **United States v. Goldberger & Dubin, P.C.**, 935 F.2d 501, 504 (2d Cir. 1991) ("A communication to an attorney would not be considered confidential unless it was made in the process of obtaining legal advice."). Rather, the Agreement is a standardized Joint Prosecution and Defense Agreement, which contains no

confidential information that has not already been disclosed to Pem-America. Because the Agreement is not privileged, Sunham cannot assert the common interest theory to protect the Agreement from discovery.

## IV.   CONCLUSION

Although failure to produce a timely privilege log is not adequate grounds to waive the attorney-client privilege, the Agreement in question is not a privileged attorney-client communication. Therefore, Pem-America's request for a copy of Sunham's Joint Prosecution and Defense Agreement with Nancy Lambert is **GRANTED**. Defendant shall provide plaintiff with a copy of the Agreement immediately.

**SO ORDERED this 30th day of October 2007
New York, New York**

**The Honorable Ronald L. Ellis
United States Magistrate Judge**