UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------:
PEM-AMERICA, INC.,                                    :
                                                      :
                              Plaintiff,              :
                                                      :     OPINION & ORDER
               - against -                            :
                                                      :     03 Civ. 1377 (JFK) (RLE)
SUNHAM HOME FASHIONS, LLC,                            :
                                                      :
                              Defendant.              :
------------------------------------------------------:

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is plaintiff Pem-America, Inc.'s ("Pem-America") motion for reconsideration of this Court's October 31, 2007 Opinion and Order ("October 2007 Opinion") under Federal Rule of Civil Procedure 60(b) and Local Rule 6.3. The October 2007 Opinion compelled defendant Sunham Home Fashions, LLC (Sunham) to produce for discovery their joint prosecution and defense agreement with Nancy Lambert, who is a plaintiff in a copyright infringement suit in the Northern District of Illinois against Pem-America.

Pem-America contends that in the October 2007 Opinion, the Court 1) did not address the portion of Pem-America's letter to the Court in which they requested Sunham to produce "all" documents and information sought in their Third Set of Interrogatories and Fourth Set of Document Demands, and 2) overlooked controlling decisions and facts when finding that Sunham had not waived their attorney-client and attorney work product privilege. (Kaplan November 14, 2007 Decl. ¶ 2.)

Sunham contends that Pem-America has failed to overcome the burdens for reconsideration under Federal Rule of Civil Procedure 60(b) and Local Rule 6.3 because Pem-

America did not "outline the matters or the controlling decisions which it believes the Court overlooked in its Order," nor contend that the outcome of the Court's decision would have differed had the Court not overlooked particular cases or facts. (Sunham Mem. of Law at 6.)

## II. BACKGROUND

The background is set forth in the Court's October 2007 Opinion.

## III. STANDARD FOR RECONSIDERATION

Pem-America may move for reconsideration of the October 2007 Opinion on the basis of "mistake, inadvertence, surprise, or excusable neglect ." FED. R. CIV. P. 60(b)(1). Pem-America must outline "the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3. Reconsideration is merited if Pem-America can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (citing *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y.1999)). The matters must "reasonably be expected to alter the conclusion reached by the court." *Id.* "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Id.*

## IV. DISCUSSION

Pem-America has not overcome the burden necessary for reconsdieration in this matter. The issues brought to the Court's attention have either not been previously addressed by the Court and therefore cannot be reconsidered, or are not substantial enough to alter the conclusion made by the Court in the October 2007 Opinion.

**A. Production of All Documents in Pem-America's Third Set of Interrogatories and**

**Fourth Set of Document Demands**

Pem-America's first contention in support of their motion for reconsideration is that the Court did not rule on its request for production of all the documents in its Third Set of Interrogatories and Fourth Set of Document Demands, but rather only ruled specifically on the production of Sunham and Lambert's Joint Prosecution and Defense Agreement. (Decl. Of Kaplan ¶2.) This assertion, while factually true, does not meet the standard for reconsideration as required by Federal Rule of Civil Procedure 60(b) and Local Rule 6.3.

In Pem-America's above mentioned interrogatory and document requests, it requested information on whether Sunham agreed to pay, or had paid, legal costs for Lambert's action in Illinois, whether Sunham had in any way paid Lambert for the commencement or maintenance of her action in Illinois, and any documents related to these agreements. (Plf. Notice of Mot., Ex B.) In the last conference before the Court on September 18, 2007, it was the Court's understanding that Sunham had relayed information to Pem-America admitting to the payment of legal expenses for Lambert's Illinois Action and that the remaining issue concerned production of the Joint Prosecution and Defense Agreement. *See* (Def.'s Revised Responses and Objections to Plf.'s Third Set of Interrogatories and Fourth Set of Doc. Requests in Decl. of Kaplan, Ex. H); *See also* (Def. Mem. Of Law at 11; Def. Sep., 21 2007 Letter at 3.)

Because production of all documents in Pem-America's Third Set of Interrogatories and Fourth Set of Document Demands were not addressed in the Court's October 2007 Opinion, the Court cannot reconsider issues that were never considered. If these issues remain unresolved between parties, they may submit letters to the Court in order to address any outstanding discovery issues.

### B. Waiver of the Attorney Client Privilege

Secondly, Pem-America contends that the Court "overlooked controlling decisions and certain facts in finding that Sunham did not waive the attorney-client/work product privilege." (Decl. of Kaplan ¶ 2.) Pem-America argues that Sunham "waived any privilege that may have applied by failing to timely raise the privilege objection and by failing to provide a privilege log." (Plf. Mem. of Law at 6.) It further claims that because no timely assertion of privilege was made by Sunham, the facts of this case can be distinguished from the facts of a case used by the Court in determining that "[w]hile failure to properly identify privileged documents in a privilege log can lead to waiver of the privilege, usually the attorney-client privilege is only waived when the party either failed to give any clear indication that the documents were privileged, or provided an inadequate privilege log where documents were not properly specified." October 2007 Opinion at 3.

Pem-America asserts that the Court has overlooked or misconstrued the timeline in which the attorney-client privilege was claimed by Sunham and therefore distinguishes the facts of this matter from cases used by the Court in the October 2007 Opinion. (Plf.'s Mem. of Law at 3-8.) Specifically, Pem-America states in its motion that the Court erroneously relied on the case *In re In-Store Advertising Securities Litigation*, 163 F.R.D. 452 (S.D.N.Y. 1995) to determine that Sunham had not waived its attorney-client privilege rights by producing an untimely privilege log. *Id.* at 4-7. Pem-America points out that in *In-Store*, the party that failed to produce a privilege log had asserted its privilege rights in the initial discovery period and had produced a privilege log immediately once alerted to its failure. It claims that these facts "are entirely distinguishable from the present facts," because, according to Pem-America, did not timely assert

4

its attorney-client privilege, nor did it timely produce a privilege log. (Plf.'s Mem. of Law at 7.)

Pem-America is correct that Sunham did not specifically claim the attorney-client privilege in their first response to Pem-America's interrogatory and document requests, and did not timely produce a privilege log, but these facts were considered by the Court in the October 2007 Opinion. Therefore, the factual distinctions pointed out by Pem-America would not change the outcome of the decision.

As a starting point, a privilege log must be prepared for documents determined to be relevant to the litigation. *See, e.g., SR Intern. Business Ins. Co. Ltd. v. World Trade Center*, 01 Civ. 9291(JSM), 2002 WL 1455346, *11 (July 03, 2002 S.D.N.Y.) 11 ("To the extent that relevant documents represent privileged communications, a privilege log should be prepared."); *Maher v. Monahan,* No. 98 Civ. 2319 (JGK) (MHD), 1999 WL 33459, *1 (S.D.N.Y. Jan. 26, 1999) ("[W]hen a party seeks to withhold relevant documents called for by a discovery request, it is obliged to prepare and serve a privilege log on its adversary that conforms with fairly stringent requirements specified in *United States v. Construction Research Prods.* 73 F.3d 464, 473 (2d Cir. 1996). *See also* FED. R. CIV. P. 26(b)(5)."); *CSC Recovery Corp. v. Daido Steel Co., Ltd.*, 94 Civ. 9214 (LAP)(THK), 1997 WL 661122, *5 (S.D.N.Y. Oct. 22, 1997) (holding that a document that was not identified on the privilege log because it was not relevant to the matter need not be produced).

Sunham's privilege rights were timely raised after the Court determined that the requested discovery information and documents were relevant to the case. Sunham's first objections to Pem-America's discovery requests were made on the basis of relevance to the case and Sunham generally reserved the right to object on the basis of privilege. *See, e.g.* (Def.'s Responses and

Objections to Plaintiff's Third Set of Interrogatories and Fourth Set of Document Requests in Decl.of Kaplan, Ex. C.) The documents were later deemed to be relevant by the Court and Sunham was ordered to submit revised responses to Pem-America's discovery requests by September 14, 2007. August 28, 2007 Order. Sunham followed the Court's order and submitted their revised responses on September 13, 2007. *See* (Plf. Mem. of Law at 6.) In the revised response, Sunham specifically raised privilege objections. Therefore, Sunham properly proceeded in the course of discovery by claiming a privilege after the documents requested by Pem-America were determined by the Court to be relevant.

Although Sunham's privilege log was produced late, this alone does not merit the waiver of the defendant's attorney-client privilege. Following from this reasoning, Pem-America's assertion that the facts of a case used by the Court can be distinguished from the facts of this case because Pem-America believes Sunham did not timely assert privilege rights has no merit. Therefore, the Court finds that no facts were overlooked which would "alter the conclusion reached by the court." *Eisemann*, 204 F.3d at 395 (citing *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999)).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED this 13th day of February 2008**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**